**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:  19-62902-CIV-ALTONAGA/SELTZER**

KELLY ARNDT and SHIRLEY SILKISS,
individually and o/b/o all others similarly
situated,

     Plaintiffs,          **CLASS ACTION**

vs.

TWENTY-ONE-EIGHTY-FIVE, L.L.C.,
a Delaware limited liability company, and
STATE FARM BANK, F.S.B.,
a federal savings bank,

     Defendants.
_____/

## AMENDED COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

   Plaintiffs, Kelly Arndt, an individual ("Ms. Arndt"), and Shirley Silkiss, an individual ("Ms. Silkiss") (collectively the "Class Representatives"), on behalf of themselves and all others similarly situated, by and through their undersigned attorneys, sue Defendants, Twenty-One-Eighty-Five, LLC, a Delaware limited liability company ("State Farm Holder"), and State Farm Bank, F.S.B., a federal savings bank ("State Farm Bank"), and state as follows:

## I.  INTRODUCTION

   1.  This class action seeks monetary and other relief to redress an unlawful pattern and practice of wrongdoing perpetuated by State Farm Bank with respect to repossession.  Defendants failed to provide its borrowers with proper notices after repossessing collateral in contravention of the requirements of the Uniform Commercial Code ("UCC"),[1] provisions that require a secured party to provide consumers with prompt and specific notice(s) post-repossession.

---

[1] As the UCC is the primary source of law for the creation and enforcement of a security interest throughout the fifty states, the Class Representatives may at times refer to the operative sections of the UCC as presented in the UCC Article as opposed to a specific state statute unless the specific state statutory authority is relevant

2.     As more particularly described below, Defendants violated the UCC post-repossession notice requirements in the following respects:

A.     the failure to clearly identify the type of sale of collateral to be conducted and, if a public sale, the time and place of a public disposition; or if a private sale, the time after which any other disposition is made, as required by Fla. Stat. §§679.613 and 679.614;

B.     the failure to disclose that Plaintiffs and other class members were entitled to an accounting of the unpaid indebtedness and the charge, if any, for an accounting, as required by Fla. Stat. §§679.614(1)(a) and 679.613(1)(d);

C.     the failure to advise the borrower that she/he could redeem her/his vehicle at any time prior to disposition, as required by Fla. Stat. §679.623(3); and

D.     the failure to provide the secondary borrower with notice before disposition of the collateral, as required by Fla. Stat. §679.611(3)(b).

3.     Plaintiffs bring this action on behalf of themselves and all other similarly situated Florida consumers who financed their vehicle purchase through State Farm Bank, and whose vehicles were repossessed and as to whom State Farm Bank sent notices that omitted important, statutorily required information.

4.     Plaintiffs seek declaratory, injunctive, or other equitable relief, and an award of actual and statutory damages as provided for under Florida law, both under the UCC and Florida Statutes Chapter 559, *et sequi*, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA"), and such other further relief this Court may deem appropriate.

## II. JURISDICTION

5.     Defendants removed this action to this Court on November 22, 2019 from the Circuit Court for Broward County, Florida, pursuant to the Class Action Fairness Act of 2005

("CAFA"), codified in pertinent part at 28 U.S.C. §1332(d). The parties are minimally diverse and the amount in controversy exceeds $5 million.

### III.  PARTIES

6.      At all times material hereto, Ms. Arndt is and was *sui juris* and a resident of Escambia County, Florida.

7.      At all times material hereto, Ms. Silkiss is and was *sui juris* and a resident of Broward County, Florida.

8.      At all times material hereto, State Farm Bank was a federal savings bank.  As part of its business, State Farm Bank provided *inter alia* financing to purchasers of new and used motor vehicles in the State of Florida.

9.      At all times material hereto, State Farm Holder was a Delaware limited liability company which was a wholly owned subsidiary of State Farm Bank.  As part of its business, State Farm Holder receives assignments of consumer loans from its parent, State Farm Bank.

10.     At all times material hereto, State Farm Bank acted as the servicer for the loans assigned to State Farm Holder.

### IV.  ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11.     On or about September 6, 2017, Ms. Arndt entered into an agreement with State Farm Bank to finance the purchase of a motor vehicle ("Arndt Finance Agreement").

12.     Ms. Silkiss – the mother of Ms. Arndt – is a co-borrower on the Arndt Finance Agreement.

13.     A true and correct copy of the Arndt Finance Agreement is attached hereto and incorporated by reference as Exhibit "A".

14.     Pursuant to the Arndt Finance Agreement, Ms. Arndt financed the purchase of a 2017 Mazda MX-5 Miata ("Arndt Vehicle") for her personal and household purposes.

15.     After the consummation of Arndt Finance Agreement, State Farm Bank assigned or sold the Arndt Finance Agreement to State Farm Holder for unknown consideration and under unknown terms.

16.     After the assignment of the Arndt Finance Agreement, State Farm Bank continued to service the Arndt Finance Agreement, including the collection of installment payments.

17.     On or about October 25, 2018, State Farm Bank repossessed the Arndt Vehicle.

18.     On or about October 31, 2018, State Farm Bank sent to Ms. Arndt a notice advising Ms. Arndt of the intent of State Farm Bank to dispose of the Arndt Vehicle in purported compliance with the requirements of the UCC ("Arndt Notice of Sale").

19.     A true and correct copy of the Arndt Notice of Sale is attached hereto and incorporated by reference as Exhibit "B".

20.     The Arndt Notice of Sale fails to comply with Article 9, UCC, in the following respects:

A.     <u>Failure to Identify Method of Intended Disposition</u>: the Arndt Notice of Sale ambiguously states that State Farm Bank intended to dispose of the Arndt Vehicle by "private sale or any other commercially reasonable manner on or before November 15, 2018," without identifying the type of sale in contravention of Fla. Stat. §679.613(1)(c).

B.     <u>Failure to Disclose Details of Public Sale</u>: if the disposition was by public sale, State Farm Bank failed to disclose the time and place of the public disposition or the time after which any other disposition was to be made which is required pursuant to Fla. Stat. §679.613(1)(e).

C.     <u>Failure to Properly Disclose Right of Redemption</u>: the Arndt Notice of Sale falsely advised Ms. Arndt of her right to redeem the vehicle "on or before November 15, 2018"

whereas Fla. Stat. §679.623 allows a borrower to redeem collateral "at any time prior to disposition".

        D.    <u>Failure to Disclose Right to Accounting</u>: the Arndt Notice of Sale states it "will provide a written accounting regarding the *disposition* of the motor vehicle," rather than an accounting of the unpaid indebtedness and the charge, if any, for an accounting, as required by Fla. Stat. §§679.614(1)(a) and 679.613(1)(d).

21.    State Farm Bank did not send Ms. Silkiss, as a co-borrower under the Arndt Finance Agreement, a notice of the intended disposition of the Arndt Vehicle as required for a co-borrower by Fla. Stat. §679.611(3)(b).

22.    On information and belief, the Class Representatives allege that the Arndt Notice of Sale, attached hereto as Exhibit "B," or variants of it containing one or more instances of non-compliance with Fla. Stat. §679.614, is the standard form notice ("Notice of Sale") that State Farm Bank has sent to Florida consumers for many years.

23.    Under the UCC, with respect to consumer goods transactions, a notification that lacks <u>any</u> of the information required under Fla. Stat. §679.614(1) is insufficient as a matter of law.  UCC Comment, Note 1, Fla. Stat. §679.614(1).

24.    Under the UCC, "***every non-compliance with the requirements of Part 6 in a consumer-goods transaction results in liability, regardless of any injury that may have resulted.***" UCC Comment, Note 4, Fla. Stat. §679.625 (emphasis added).

### *Post-Repossession Credit Reporting and Collection Activities of State Farm Bank*

25.    Fla. Stat. §679.626, and the previous §679.507, as interpreted by the Florida Supreme Court in *Weiner v. American Petrofina Marketing, Inc.,* 482 So.2d 1362, 1365 (1986), provides that when a secured party fails to comply with §679.614's notice requirements, the proceeds of a disposition of collateral are presumed to be equal with the sum of the indebtedness.

Thus, it is statutorily presumed that the secured party is due no deficiency after the disposition of the collateral.

26. To rebut the statutory presumption and lawfully seek to collect deficiency balances from borrowers, the secured party must establish that the amount of the proceeds that it would have realized would be less than the indebtedness pursuant, to Fla. Stat. §679.626(4) and the former §679.507(1).

27. After the sale of the Arndt Vehicle, State Farm Bank sent to Ms. Arndt a collection notice ("Arndt Deficiency Collection Notice") in purported compliance with Fla. Stat. §679.616.

28. A true and correct copy of the Arndt Deficiency Collection Notice is attached hereto and incorporated herein by reference as Exhibit "C".

29. Upon information and belief, the Class Representatives allege that the collection notice ("Arndt Deficiency Collection Notice") is the standard notice ("Deficiency Collection Notice") that State Farm Bank sent to Florida consumers to collect deficiencies after the sale of repossessed vehicles.

30. The Class Representatives are informed and believe and, on that basis, allege that Defendants have collected or attempted to collect deficiency balances from consumers who were sent defective post-repossession notices under Fla. Stat. §679.614, and have reported deficiencies to the consumer reporting agencies ("CRAs") without overcoming the statutory presumption, barring the collection of such deficiencies or accounting for or providing for a set-off in the amount of the statutory damages set forth under Fla. Stat. §679.625(3)(b).

### ***Attorneys' Fees Entitlement***

31. The loan agreement represented by Arndt Finance Agreement is a standard contract ("Finance Agreement") used by Defendants to extend credit to consumers such as Plaintiffs and persons similarly situated.

32.     The Finance Agreement provides for the recovery of attorney's fees and costs in the event the holder of the finance agreement is required to take any action to enforce the terms thereof.

33.     The Class Representatives have retained the undersigned law firms to represent their interest herein and are obligated to pay said firms a reasonable fee for its services.

34.     Pursuant to Fla. Stat. §57.105(7), when a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party (whether as plaintiff or defendant) when that party prevails in any action.

## CLASS ACTION ALLEGATIONS

### *Definition of Class*

35.     Pursuant to Rule 23, Federal Rules of Civil Procedure, the class is composed of all persons in the State of Florida who, in the four (4) years preceding the filing of the instant action to the date hereof:

    (a)     have or had a finance agreement ("Finance Agreement") which had a motor vehicle pledged as security to Defendants;

    (b)     had their motor vehicle and any personal property repossessed by Defendants or their agents in the State of Florida;

    (c)     were sent a post-repossession notice to a Florida address in the form or substantially similar form as the Notice of Sale, or in the case of a co-obligor were not sent notices in the form of Exhibit "B."

36.     The class contains a subclass ("Deficiency Collection Notice Sub-Class") consisting of all class members who meet all of the requirements of the class definition contained

above, and who were sent a Deficiency Collection Notice in the form of Exhibit "C" (or in the case of a co-obligor were not sent a notice) and have been subjected to collection for a deficiency.

### *Statement of Maintainable Class Claims*

37.     This is a case maintainable on a class-wide basis pursuant to Rule 23(b)(2) and (b)(3), Federal Rules of Civil Procedure, and the Class Representatives bring this action on behalf of themselves and of a class of all other persons similarly situated, to remedy the ongoing unfair and unlawful practices alleged herein, and seek redress on behalf of all those persons who have been harmed thereby.

### *Identification of Common Questions of Law or Fact*

38.     Pursuant to Rule 23(a)(2), Federal Rules of Civil Procedure, there are questions of law and fact common to the Class, which common issues predominate over any issues involving owing individual class members.

39.     The factual question common to the Class Representatives and to each class member is that each was sent a letter in the form or substantially similar form of the Notice of Sale (represented by Exhibit "B").

40.     With respect to the Deficiency Collection Notice Sub-Class, the factual question common to the Class Representatives and to each class member is that each was a letter in the form or substantially similar form of the Deficiency Collection Notice (represented by Exhibit "C") or has been subject to collection and credit reporting by Defendants in an attempt to collect a deficiency.

41.     Pursuant to Rule 23(a)(2), Federal Rules of Civil Procedure, the principal legal question common to the Class Representatives and to each class member is whether the Notice of Sale complies with Florida law with respect to providing the disclosures set forth under Fla. Stat. §§679.614(1) and 679.613(1).

42.     Pursuant to Rule 23(a)(2), Federal Rules of Civil Procedure, the principal legal question common to the Class Representative and to each member of the Deficiency Collection Notice Sub-Class is whether Defendants attempted to collect a deficiency without overcoming the statutory presumption barring the collection of such deficiencies or accounting for or providing for a set-off in the amount of the statutory damages under Fla. Stat. §679.625(3)(b).

### *Allegations of Typicality*

43.     Pursuant to Rule 23(a)(3), Federal Rules of Civil Procedure, the Class Representatives' claims are typical of those of the classes they seek to represent in that the Class Representatives were sent form notices in the forms of Exhibits "B" and "C" or in the case of a co-obligor, such as Ms. Silkiss, were not sent notices in the forms of Exhibits "B" and "C."  As such, the claim of the Class Representatives is typical of the class members.

### *Allegations of Numerosity*

44.     Based on the disclosures of Defendants in removal petition in the instant action, Defendants repossessed  approximately 1,713 vehicles in the State of Florida in the four-year period preceding the instant action. *See*, Declaration of Melissa Kahn [DE-1-4].

45.     Based on the foregoing, joinder of all members would be impractical.  The exact size of the proposed class(es) and the identity of the members thereof are readily ascertainable from State Farm Bank's business records. *See*, Declaration of Melissa Kahn [DE-1-4]

### *Adequacy of Class Representatives*

46.     Pursuant to Rule 23(a)(4), Federal Rules of Civil Procedure, the Class Representatives will fairly and adequately protect and represent the interest of each class member.

47.     The Class Representatives have retained counsel with substantial experience in handling class actions in federal and state court.  *See, e.g., Cruz v. Performant Recovery,* 2014 WL 943632 (S.D. Fla. 2014) (nationwide settlement class of 29,000 student loan borrowers); *Smith v.*

*Toyota Motor Credit Corp.,* 2013 WL 1325460 (D. Md. 2013) (settlement class under Maryland auto finance statute); *Singleton v. General Revenue Corp.*, 2013WL 15118 (S.D. Fla. 2013) (nationwide settlement class certified under Fair Debt Collection Practices Act with over 150,000 class members); *Martinez v. FMS Inc.*, 2008 WL 4010101 (M.D. Fla. 2008)*; Brown v. SCI Funeral Serv. of Florida, Inc.*, 212 F.R.D. 602 (S.D. Fla. 2003); *Baez v. Wagner & Hunt, P.A.*, 442 F. Supp. 2d 1273 (S.D. Fla. 2006); *Jansen v. West Palm Nissan, Inc*., 2006 WL 1582068 (S.D. Fla. 2006); *Tyrell v. Robert Kaye & Assoc., P.A.*, 223 F.R.D. 686 (S.D. Fla. 2004), as well as the following published decisions;  *Martinez v. Medicredit*, 2018 WL 2223681 (E.D. Mo. May 15, 2018) [final approval of   498,000 member settlement class under Telephone Consumer Protection Act ("TCPA")]; *Q+ Foods, LLC v. Mitsubishi Fuso Truck of America*, 2016 WL 7213278 (D. N.J. October 26, 2016) [preliminary approval of nationwide defective truck warranty class action]; *Picchi v. World Financial Bank*, 2015 WL 1201396 (S.D. Fla. March 13, 2015) [nationwide settlement of 850,000 member class under Telephone Consumer Protection Act]; *Singleton v. General Revenue Corporation*, 2013WL 15118 (S.D. Fla. 2013) [nationwide settlement class certified under Fair Debt Collection Practices Act with over 150,000 class members]; Further, counsel for the Class Representatives have substantial experience in litigating individual and class actions under the UCC. *See*,  *Whitaker v. Navy Fed. Credit Union*, 2010 WL 3928616 (D. Md. 2010) [final approval of nationwide Article 9 class providing more than $50 million in debt relief; trial court remarked that counsel's "wealth of experience in litigating class actions under federal consumer protection statutes justifies his high rate."]; *TD Bank, N.A. v. Phillips,* 189 So.2d 791 (Fla. 4th DCA 2016) [affirmance of order denying arbitration in UCC repossession class action]; *Castillo v. United Federal Credit Union*, 409 P. 3rd 54 (Nev. 2018 [reversal of dismissal of UCC class]; *McCalvin v. Condor Holdco Securitization Trust*, 2018 WL 5816780 (E.D. PA Nov. 6,

2018) [final approval of nationwide UCC class settlement with $5.7 million in settlement fund plus debt forgiveness].

48.     The Class Representatives have no conflicts of interest which would interfere with their ability to represent the interest of the class members.

### *Superiority*

49.     The Class Representatives are represented by counsel competent and experienced in both consumer protection and class action litigation.

50.     A class action is superior to other methods for the fair and efficient adjudication of this controversy. Fed. R. Civ. P. 23(b)(3). Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it would be impractical and economically unfeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to the individual class members against State Farm Bank.

51.     Members of the proposed class who have an interest in individually controlling the prosecution of separate claims against State Farm Bank will not be prejudiced by this action. Each member of the proposed class will be identified through discovery from State Farm Bank and will be notified and given an opportunity to opt out of the class.

52.     The Class Representatives do not presently know the nature and extent of any pending litigation to which a member of the proposed classes is a party and in which any question of law or fact controverted in the present action is to be adjudicated. Defendants will identify any such pending litigation in discovery sought by Plaintiffs.

53.     This Court is an appropriate forum for the present action, in that Ms. Silkiss, as a Class Representative, was and is, at all times herein mentioned, and has been, a resident of this

district and a secondary borrower under the Arndt Finance Agreement; and State Farm Bank does business providing financing of motor vehicles to consumers throughout the State of Florida and in this district.

54.     There are no difficulties likely to be encountered by the Court in the management of this proposed class action.

### *Appropriateness of Hybrid Class under Rule 23(b)(2) and (3)*

55.     Certification of a class under Rule 23(b)(2), Federal Rules of Civil Procedure, is appropriate as Defendants has acted on grounds generally applicable to the Class with respect to the collection and credit reporting activity described above, thereby making appropriate declaratory relief with respect to the Class as a whole.

56.     Certification of a class under Rule 23(b)(3), Federal Rules of Civil Procedure, is also appropriate in that:

(a)     The questions of law or fact common to the members of the class predominate over any questions affecting an individual class member; and

(b)     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### COUNT I - ACTION FOR VIOLATION OF ARTICLE 9,
### UNIFORM COMMERCIAL CODE
### (Against State Farm Holder Only)

57.     This is an action seeking damages for violation of Article 9, Uniform Commercial Code, Florida Statutes Chapter 679, *et sequi.*

58.     Plaintiffs reallege and reincorporate herein by reference the allegations of paragraphs 1 through 56 above as though fully set forth herein.

59.     As detailed above, the UCC regulates a secured party's right to dispose of collateral following default.

60.     As detailed above, State Farm Holder has engaged and is engaging in ongoing material violations of the law in that the post-repossession notice it provided to Plaintiffs and all other consumers similarly situated, following the repossession of a motor vehicle, failed to contain the statutorily mandated disclosures and information required under the UCC.  State Farm Holder has thus deprived Plaintiffs and other members of the class of substantial consumer rights granted to them under Florida law.

61.     Because State Farm Holder has disposed of the class members' vehicles and issued notices to class members which fail to provide them the required information and disclosures to which they are entitled under Florida law, State Farm Holder is liable to Ms. Arndt and to each proposed class member for an amount "not less than the credit service charge plus 10 percent of the principal amount of the debt or the time-price differential plus 10 percent of the cash price." §679.625(3)(b) (effective 1/1/02) and the former §679.507(1), Florida Statute.

62.     State Farm Holder's failure to provide the statutorily mandated post-repossession notice to Plaintiffs and the class members precludes it from seeking deficiencies from them.  As State Farm Bank failed to provide proposed class members with the statutorily mandated notice, the proceeds of disposition of the collateral are presumed to equal the indebtedness. §679.626(2), (3), (4), Florida Statute.  To the extent State Farm Holder has collected or attempted to collect deficiencies from proposed class members without first introducing proof of a different value of the vehicle, Defendants have done so unlawfully.  As State Farm Holder failed to rebut the statutory presumption that Plaintiffs' and each class members' vehicle was equal in value to the alleged indebtedness, State Farm Holder has no right to collect or attempt to collect deficiencies from proposed class members.

63.     As a result of the acts alleged, State Farm Holder is liable to Plaintiffs and each class member for statutory minimum damages.

WHEREFORE, Plaintiffs, Kelly Arndt and Shirley Silkiss, individually and on behalf of all others similarly situated, respectfully pray for relief against Defendant, Twenty-One-Eighty-Five, LLC, a Delaware limited liability company, including:

      A.    An order certifying this claim as a class action;

      B.    An award of statutory damages for each class member in the amount of the credit service charge plus ten percent of the principal amount of the obligation, pursuant to Fla. Stat §679.625(3)(b);

      C.    Pre-judgment interest to the extent permitted by law;

      D.    An award of attorney's fees, costs and expenses incurred in the investigation, filing and prosecution of this action to the extent permitted by law pursuant to Fla. Stat. §57.105(7); and

      E.    For such other and further relief as the Court may deem just and proper.

## COUNT II - ACTION FOR DECLARATORY RELIEF
### (Against Both Defendants)

64.    This is an action for declaratory relief brought under 28 U.S.C. §2201 to settle and obtain relief from uncertainty and insecurity with respect to the rights, status, and legal relations of the parties arising from the failure of Defendants to comply with the notice provisions of the UCC.

65.    Plaintiffs reallege and reincorporate herein by reference the allegations of paragraphs 1 through 56 above as though set forth in full herein.

66.    An actual controversy has arisen between Plaintiffs and the members of the proposed class, on the one hand, and Defendants, on the other hand, as to their respective rights, remedies and obligations.  Specifically, Plaintiffs allege that the acts and practices of Defendants, as hereinabove alleged, are unlawful and that they and other members of the proposed class have

not been provided proper notice post-repossession and are not liable for deficiency balances, either in whole or in part, following the disposition of their repossessed motor vehicles. Defendants contends to the contrary.

67.   Accordingly, Plaintiffs seek a declaration as to their respective rights, remedies, and obligations of the parties.

WHEREFORE, Plaintiffs, Kelly Arndt and Shirley Silkiss, individually and on behalf of all others similarly situated, respectfully pray for relief against Defendants, Twenty-One-Eighty-Five, LLC, a Delaware limited liability company, and State Farm Bank, F.S.B., a federal savings bank, including:

A.   An order certifying this claim as a class action;

B.   A final judgment finding and declaring that the acts and practices as challenged herein are unlawful;

C.   A final judgment finding and declaring that Plaintiffs and the class members do not owe State Farm Holder the deficiency balances either in whole or in part following disposition of their vehicles;

D.   An award of attorney's fees, costs and expenses incurred in the investigation, filing and prosecution of this action to the extent permitted by law pursuant to Fla. Stat. §57.105(7); and

E.   For such other and further relief as the Court may deem just and proper.

### COUNT III - ACTION FOR VIOLATION OF
### FLORIDA CONSUMER COLLECTION PRACTICES ACT
**(On Behalf of Deficiency Collection Notice Sub-Class as to Both Defendants)**

68.   This is an action seeking damages for violation of Florida Statutes Chapter 559, *et sequi*, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA").

69.     Plaintiffs reallege and reincorporate herein by reference the allegations of paragraphs 1 through 56 above as set forth in full herein.

70.     At all times material hereto, the monies purportedly owed under the Finance Agreement constituted "debt" or "consumer debt" as defined under Fla. Stat. §559.55(1).

71.     At all times material hereto, Plaintiffs were "debtor(s)" or "consumer debtor(s)" as defined under Fla. Stat. §559.55(2).

72.     At all times material hereto, State Farm Holder was a "creditor" as defined under Fla. Stat. §559.55(3).

73.     As more particularly described above, with respect to the Deficiency Notice Sub-Class, Defendants violated the FCCPA in that it has claimed, attempted or threatened to enforce a debt when it knew that the debt was not legitimate or asserted the existence of some other legal right when it knew that the right did not exist in contravention of Fla. Stat. §559.72(9), to-wit: the right to collect a deficiency in an amount and in a manner not authorized by the UCC.

74.     As a direct and proximate result of the violation of the FCCPA by Defendants, the Class Representatives are each entitled to recover statutory damages in the amount of $1,000.00 together with an aggregate award of additional statutory damages not to exceed the lesser of $500,000 or 1% of the net worth of Defendants for all remaining class members pursuant to Fla. Stat. §559.77(2).

75.     Pursuant to Fla. Stat. §559.77, the Court is empowered to enjoin Defendants from further violation of the Act and to direct such other and further equitable relief as may be necessary and proper.

76.     Pursuant to Fla. Stat. §559.72(2), the Plaintiffs are entitled to recover reasonable attorney's fees and costs for the filing of the instant action.

WHEREFORE, Plaintiffs, Kelly Arndt and Shirley Silkiss, individually and on behalf of all others similarly situated, respectfully pray for relief against Defendants, Twenty-One-Eighty-Five, LLC, a Delaware limited liability company, and State Farm Bank, F.S.B., a federal savings bank, including:

A.      An order certifying this claim as a class action;

B.      A final judgment of statutory damages against Defendants for the Deficiency Collection Notice Sub-Class members pursuant to Fla. Stat. §559.77;

C.      For an order preliminarily and permanently enjoining Defendants from engaging in the collection practices challenged herein;

D.      Pre-judgment interest to the extent permitted by law;

E.      An award of attorney's fees, costs and expenses incurred in the investigation, filing and prosecution of this action to the extent permitted by law pursuant to Fla. Stat.  §559.72(2); and

F.      For such other and further relief as the Court may deem just and proper.

## COUNT IV -ACTION FOR COMMON LAW EQUITABLE RELIEF
**(Against Both Defendants)**

77.      This is an action for statutory equitable relief.

78.      The Plaintiffs reallege and reincorporate herein by reference the allegations contained in paragraphs 1 through 56 above as set forth in full herein.

79.      As detailed above, since the repossession of the vehicles of the Plaintiffs and the class members, Defendants have wrongfully collected and/or reported credit information to the CRAs with respect to the consumer reports of the Plaintiffs and the class members.

80.      The Plaintiffs and the class members do not have an adequate remedy at law with respect to the continued collection and/or reporting of materially inaccurate adverse credit information to the CRAs with respect to deficiency balances.

81.     The Plaintiffs and the class members will suffer irreparable injury if Defendants are not enjoined from the future wrongful collection and/or reporting of adverse information to the CRAs with respect to deficiency balances.

WHEREFORE, Plaintiffs, Kelly Arndt and Shirley Silkiss, individually and on behalf of all others similarly situated, respectfully pray for relief against Defendants, Twenty-One-Eighty-Five, LLC, a Delaware limited liability company, and State Farm Bank, F.S.B., a federal savings bank, including:

A.     An order certifying this claim as a class action;

B.     A preliminary and permanent injunction against Defendants restraining Defendants from engaging in the practices challenged herein;

C.     A mandatory injunction against Defendants to remove any adverse inaccurate credit information which Defendant previously reported to consumer reporting agency as to claimed deficiency balances; and

D.     For such other and further relief as the Court may deem just and appropriate.

## COUNT V - ACTION FOR EQUITABLE RELIEF UNDER UNIFORM COMMERCIAL CODE
### (Against State Farm Holder)

82.     This is an action for equitable relief pursuant to Fla. Stat.  §679.625 (1), Uniform Commercial Code.

83.     Plaintiffs reallege and reincorporate herein by reference the allegations contained in paragraphs 1 through 56 above as if set forth in full herein.

84.     As detailed above, since the repossession of the vehicle of the Plaintiffs and the class members, State Farm Holder has wrongfully collected and/or reported credit information to the CRAs with respect to the consumer reports of the Plaintiffs and the class members.

85.     Pursuant to Fla. Stat. §679.625 (1), UCC, if it is established that a secured party is not proceeding in accordance with Article 9, Part VI of the UCC, a court may enter an order restraining collection, enforcement or disposition of collateral on appropriate terms and conditions.

86.     Plaintiffs and the class members do not have an adequate remedy at law with respect to the continued collection and/or reporting of materially inaccurate adverse credit information to the CRAs.

87.     Plaintiffs and the class members will suffer irreparable injury if State Farm Holder is not enjoined from the future wrongful collection and reporting of adverse information to the CRAs.

WHEREFORE, Plaintiffs, Kelly Arndt and Shirley Silkiss, individually and on behalf of all others similarly situated, respectfully pray for relief against Defendant, Twenty-One-Eighty-Five, LLC, a Delaware limited liability company, including:

A.     An order certifying this claim as a class action;

B.     A preliminary and permanent injunction against Defendant restraining Defendant from engaging in the practices challenged herein;

C.     A mandatory injunction against Defendant to remove any adverse inaccurate credit information which Defendant previously reported to consumer reporting agency as to claimed deficiency balances; and

D.     For such other and further relief as the Court may deem just and appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs, Kelly Arndt and Shirley Silkiss, pursuant to Rule 38(b), Federal Rules of Civil

Procedure, demand a trial by jury of all issues so triable.

DATED on this 6th day of January 2020.


Respectfully submitted,

*/s/ Robert W. Murphy*
ROBERT W. MURPHY, ESQ.
Florida Bar No.  717223
1212 S.E. 2nd Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 763-8660
Facsimile:  (954) 763-8607
E-Mails:  rphyu@aol.com
rwmurphy@lawfirmmurphy.com
legalassistant@lawfirmmurphy.com


CARY L. FLITTER, ESQUIRE
PA Attorney ID:  35047
*Pro Hac Vice*
FLITTER MILZ, P.C.
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072-1822
Telephone:  (610) 266-7863
Facsimile:   (610) 667-0552
E-Mail: cflitter@consumerslaw.com

***Counsel for Plaintiffs***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 6, 2020, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of Florida, using the CM/ECF system.  I further certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rules of Civil Procedure, Rule 5(b)(2), as follows:

Marcy Levin Aldrich, Esq.
Three Brickell City Centre
98 Southeast Seventh Street
Miami, Florida 33131
Telephone:  (305) 374-5600
Facsimile:  (305) 374-5095
E-Mail:  marcy.aldrich@akerman.com

E. Ginnette Childs, Esq.
Sara A. Brubaker, Esq.
420 South Orange Ave., Suite 1200
Orlando, Florida 32801
Telephone:  (407) 423-4000
Facsimile:  (407) 843-6610
E-Mail:  Ginny.childs@akerman.com
E-Mail:  sara.brubaker@akerman.com

***Counsel for Defendants***



                                          */s/ Robert W. Murphy*
                                          **Attorney for Plaintiff**